**Tulio Antonio NAJARRO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73671.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 13, 2007.

Carlos Ramirez, Law Office of Noemi G. Ramirez, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Robert F. Adams, U.S. Dept. of Justice, Criminal Division, Fraud Section, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Tulio Antonio Najarro, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT").

This court lacks jurisdiction over petitioner's CAT claim because he failed to exhaust it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004). We therefore dismiss this claim.

We have jurisdiction under 8 U.S.C. § 1252 over petitioner's remaining claims. We review for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000). We deny the petition with regard to the remaining claims.

Substantial evidence supports the IJ's denial of asylum because petitioner failed to show that his detention rose to the level of past persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1019–21 (9th Cir.2006) (holding that three-day detention and beating did not compel finding of past persecution); *see also Al–Saher v. INS,* 268 F.3d 1143, 1146 (9th Cir.2001) (holding that five- to six-day detention did not constitute persecution). Because petitioner's future fear was related to finding work in El Salvador, and there was no evidence to support an

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reasonable fear of persecution, the decision that he failed to show a well-founded fear of future persecution is also supported. *See Rostomian,* 210 F.3d at 1089.

Because petitioner failed to establish eligibility for asylum, it follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Petitioner's due process claim fails because he was repeatedly told of his right to obtain counsel, he expressly told the IJ that he wished to proceed and represent himself, and he has offered no evidence to show prejudice. *See Vides–Vides v. INS,* 783 F.2d 1463, 1469–70 (9th Cir.1986) (no due process violation where alien failed to obtain counsel after four months and two continuances); *see also Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**